*772 OPINION OF THE COURT
Gabriel W. Gorenstein, J.
The defendant is charged with two counts of operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and unlicensed driving (Vehicle and Traffic Law § 509 [1]). He has moved pursuant to CPL 710.30 to preclude statement notice. For the reasons stated herein, the motion is denied.
Facts
The defendant was arraigned on February 7, 1999. The People did not at that time serve notice that they intended to offer at trial evidence of a statement made by the defendant to a public servant under CPL 710.30 (1).
The time to serve such statement notice expired on February 22, 1999. Following arraignment, the case was put on the calendar for February 22, 1999, apparently for defense motions. When the case was called, the defendant’s attorney failed to respond to the call. The case proceeded with the defendant present. During that calendar call, the People stated that “the People did file and serve statement notice off calendar on February 17, 1999.” The People did not at that time give the substance of the statement. The court noted that a copy of the statement notice did not appear in the court file and put the case on for March 11, 1999, with the directive that defense counsel should be notified to appear on that date.
Later on in the day of February 22, 1999, however, the case was recalled at a time when defense counsel was present. Counsel filed a number of motions, including the instant motion to preclude statements. As a result of the briefing on that motion, the People filed an affirmation asserting, consistent with their statement on February 22, 1999, that on February 17, 1999, the People served on defense counsel and filed with the court notice of the defendant’s statement.
A copy of the notice, consisting of a letter addressed to counsel dated February 16, 1999, has been provided to the court. The letter asserts that at the time of his arrest, the defendant stated “I had a few beers.” In their motion papers, the People also affirm that they served a copy of that letter on defense counsel by mailing it on that date to “67 Wall Street, New York, NY 10005.”
The copy of the statement notice allegedly filed with the court does not appear in the court file. As part of the papers *773 submitted in the briefing of the instant motion, however, the People have provided the copy they retained of that statement notice. This document contains an original time-stamp of the Criminal Court of the City of New York, in purple ink, which is dated February 17, 1999, and which shows a time of 10:34 a.m. The People note that it is the “normal practice” of the District Attorney’s Office to time-stamp its own copy of a document when the document is filed. Nonetheless, the People have no explanation of why the court’s copy does not appear in the court file.
For the defendant’s part, his attorney has submitted an affirmation stating that he never received a copy of the February 17, 1999 statement notice.
Discussion
The defendant makes several arguments in support of his position that the People should be precluded from offering the defendant’s statement at trial.
First, the defendant argues that statement notice should be precluded because no copy of the notice appears in the court file. Putting aside the issue that the People assert that they filed the notice with the Clerk, and have a time-stamped version of this notice, the statute does not require the filing of statement notice. It requires only “service” of the notice. (See, CPL 710.30.) Accordingly, whether the statement was filed with the Clerk is irrelevant.
Second, the defendant asserts that because the statute requires that notice be served on the “defendant,” the People cannot rely upon service on counsel to satisfy the statute. The Criminal Procedure Law does not define what constitutes “service.” In situations of this kind, however, courts have looked to provisions of the Civil Practice Law and Rules for guidance, including CPLR 2103, which discusses service of papers. (See, e.g., People v Fulton, 162 Misc 2d 360, 363, n 3 [Sup Ct, Monroe County 1994] [citing cases]; People v Duquette, 152 Misc 2d 239 [St. Lawrence County Ct 1991].) CPLR 2103 contemplates that papers in a court proceeding are to be served upon an attorney, rather than on the party personally, where the party has appeared by an attorney. This practice not only makes sense with respect to service of statement notice but is the only rule that would not lead to the absurd result of the People serving defendants at their home addresses when mail service is made. When a criminal defendant is represented by counsel, the counsel acts as the agent for the defendant and *774 the People can properly rely on service upon counsel to constitute service upon the defendant.
Finally, the defendant argues that service was not properly made upon him because service was made upon “67 Wall Street, New York, NY 10005” without the inclusion of counsel’s suite number. While the failure to include this suite number may in fact explain why notice was never received by counsel, this does not necessarily mean that service was improper. It is a point beyond dispute that the United States Postal Service delivers to addresses regardless of whether an apartment or suite number is included in the address. Indeed, it is common to see mail that omits these items. Notably, the defendant’s attorney does not assert that other mail addressed to him solely at “67 Wall Street” is typically returned to the sender. The one case cited by the defendant on this point, Hesselbarth v Paredes (110 AD2d 818 [2d Dept 1985]), is of no relevance because in that case the serving party failed to put down a significant portion of the address: the post office box number of the addressee. The People did not fail to effectuate service simply because they left off the attorney’s suite number from the address.
Nor is it of any significance that the defendant did not actually receive notice. The People have filed an affirmation stating that service was made by mail on February 17, 1999. As stated in CPLR 2103 (b) (2), “service by mail shall be complete upon mailing”. Thus, receipt is not necessary for service to be complete. This result is particularly appropriate here where the People attempted to inform defendant’s counsel of the statement notice at the February 22 calendar call, a date that occurred within the statutory time period. Had defense counsel merely appeared for the scheduled calendar call, he would have learned of the statement notice, could have informed the People he never received it, and would undoubtedly have been given full statement notice on the spot, thereby obviating the need for the current motion.
The defendant cites cases for the broad proposition that “failure to properly serve statement notice does not constitute good cause but, rather, mandates preclusion.” (Reply affirmation, dated Apr. 18, 1999, ¶ 4 [citing People v Sian, 167 AD2d 435 (2d Dept 1990); People v Briggs, 38 NY2d 319 (1975); Matter of Albert B., 79 AD2d 251 (2d Dept 1981)].) This proposition, however, is uncontested and the cases cited in support hold only that CPL 710.30 requires timely service. As already noted, *775 the court finds that statement notice was timely served.
For the above-stated reasons, the court denies the defendant’s motion to preclude statements.