■ The People of the State of New York, Respondent, v Rahsaan Butler, Appellant. [722 NYS2d 510] —Judgment, Supreme Court, New York County (James Yates, J.), rendered September 16, 1998, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 14 years, 10 years and 5 years, unanimously affirmed.

The court properly declined to discharge a sworn juror when, prior to the completion of jury selection, the juror expressed concern and bitterness about the time and money he was losing. Regardless of whether defendant's application is viewed as an application to discharge an incapacitated or unqualified juror (see, CPL 270.15 [3]; 270.35), or as a challenge based on newly discovered cause (see, CPL 270.15 [4]), discharge of the juror was not required. The juror never expressed any doubt about his ability to render an impartial verdict (see, People v Johnson, 94 NY2d 600; People v Buford, 69 NY2d 290, 298) and the totality of his responses established that, as a result of rearranging his work schedule, his financial pressures would not interfere with his ability to serve as a juror.

Defendant's application pursuant to Batson v Kentucky (476 US 79) was properly denied. The court correctly determined that defendant's numerical showing did not establish a prima facie case of discrimination (see, People v Jenkins, 84 NY2d 1001; People v Childress, 81 NY2d 263, 267). Concur—Rosenberger, J. P., Williams, Tom, Lerner and Buckley, JJ.