■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WARNER, Appellant. [779 NYS2d 674]—Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered April 14, 2003, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and vehicular manslaughter in the second degree.

Defendant was charged with numerous alcohol-related crimes following an automobile accident which resulted in the death of his girlfriend. He pleaded guilty to operating a motor vehicle while under the influence of alcohol as an unclassified misdemeanor (*see* Vehicle and Traffic Law § 1192 [2]) and vehicular manslaughter in the second degree in satisfaction of all the charges. Under the terms of the plea agreement, he was to be sentenced to a prison term of not less than 1½ to 4 years nor more than 2 to 6 years on the vehicular manslaughter conviction. Thereafter, County Court sentenced him to 2 to 6 years in prison for this crime.

Defendant's sole contention on appeal is that County Court abused its discretion in imposing a sentence that was at the upper range of the sentencing agreement entered into as part of the plea bargain. The record discloses that County Court considered many factors in imposing sentence, including defendant's high blood alcohol level at the time of the offense and his prior conviction for driving while ability impaired. In view of this, as well as the fact that defendant's conduct resulted in the death of the victim and the sentence imposed fell within the parameters specifically agreed to by the parties, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v*

*Demetsenare,* 243 AD2d 777, 781 [1997], *lv denied* 91 NY2d 833 [1997]; *People v Yusko,* 222 AD2d 928, 929 [1995], *lv denied* 87 NY2d 1027 [1996]; *People v Kenny,* 175 AD2d 404, 407 [1991], *lv denied* 78 NY2d 1012 [1991]).

Cardona, P.J., Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.