■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT J. GUGLIELMO, Appellant. [816 NYS2d 770]—

Carpinello, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered November 29, 2004, upon a verdict convicting defendant of the crime of criminally negligent homicide.

Defendant stands convicted of criminally negligent homicide stemming from a two-car accident on County Route 16 in the Town of Plymouth, Chenango County. At approximately 6:30 A.M. on September 29, 2003, he drove his pickup truck in the opposite lane of traffic and struck a vehicle being driven by Patricia Miller (hereinafter decedent), who died instantly. On defendant's appeal, we are unpersuaded by his challenges to the sufficiency of the evidence against him at trial and, therefore, we affirm.

First, viewed in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence was legally sufficient to support defendant's conviction. It was uncontroverted at trial that defendant and decedent were traveling in opposite directions on this two-lane county road on the morning in question under conditions of extremely dense fog and poor visibility. One witness who worked in the vicinity described her visibility that morning as no more than eight feet ahead. Another indicated that he could only see between 10 and 20 feet in front of him. Indeed, the fog conditions were so heavy that a medical helicopter was unable to land in the vicinity following the accident.

While there was no eyewitness testimony to the actual collision, two accident reconstructionists were called by the People. Through these witnesses, it was established that defendant was traveling straight in decedent's lane of traffic at the point of impact and was seven feet from the center line. Decedent was traveling on or near her fog line. Their angle of impact—referred to as a straight, in-line collision—negated the possibility that defendant had temporarily swerved into decedent's lane just prior to the collision. To the contrary, according to one of the accident reconstructionists, the vehicle's alignment at impact indicated that defendant had been traveling in decedent's lane of traffic for quite some time. The People also presented evidence that defendant took no evasive action at any time.

Next, while defendant argues that there was "no clear evi-

dence" of either driver's speed at the time of the accident, a range of speed for both vehicles was estimated.[1] According to the testimony, the likely range of speed of decedent's vehicle, which had just come out of the 30 mile-per-hour speed zone (see n 1, supra) was between zero and 40 miles per hour and the likely range of speed of defendant's vehicle was between 43 and 71 miles per hour. These estimates were further honed by testimony that it was unlikely that decedent's vehicle was completely stopped at the point of impact, given its rotation following the impact and the fact that it was still in drive. Additionally, given each vehicle's respective weight, distance traveled following impact and damage, among other factors, it was estimated by both experts that decedent was traveling about 30 miles per hour at the point of impact while defendant was traveling about 64 miles per hour.[2]

Given this evidence, we find a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury and which would satisfy the proof for every element of criminally negligent homicide (see People v Bleakley, 69 NY2d 490, 495 [1987]). In short, defendant's conduct that morning—driving in the opposite lane of traffic for quite some time at an excessive rate of speed given the heavy fog and poor visibility conditions—created a substantial and unjustifiable risk of death and his failure to perceive this risk was "a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]) sufficient to justify the finding of criminally negligent homicide (see Penal Law § 125.10; People v Boutin, 75 NY2d 692, 695-696 [1990]). Further, viewing the evidence in a neutral light but according due deference to the jury which heard and observed the witnesses, we conclude that the verdict was not against the weight of the evidence (see CPL 470.15 [5]; People v Bleakley, supra).

None of the remaining contentions advanced by defendant supports his contention that a new trial is warranted. In particular, while County Court did err in permitting hearsay testimony about whether decedent's vehicle contained a recording device, we find that this error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).

---

1. The accident occurred in a 55 mile-per-hour speed zone, 200 yards short of a 30 mile-per-hour speed zone.

2. According to one of the accident reconstructionists, even if decedent was only traveling 10 miles per hour that morning, defendant would still have been traveling 50 miles per hour, a speed still imprudent for the heavy fog conditions. Moreover, even if decedent's vehicle was traveling faster than 43 miles per hour, defendant's vehicle would also have been traveling faster than 71 miles per hour.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

