(November 13, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER DANDRIDGE, Appellant. [845 NYS2d 55]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered February 8, 1999, convicting defendant, after a jury trial, of five counts of offering a false instrument for filing and one count of attempted grand larceny in the third degree, and sentencing him to concurrent terms of six months on each count, affirmed.

After being permitted to represent himself, defendant indicated on two occasions in late September 1998 that he was trying to hire a particular attorney to represent him at trial. On October 6, 1998, defendant asked for an adjournment to October 30 so that he could try and obtain the funds necessary to hire the attorney. Although the court granted the adjournment, it warned defendant that the case would go forward on October 30 even if defendant did not have counsel. Nonetheless, when a person in the audience on October 30 stated that the Moorish Science Temple, of which defendant was a member, would provide defendant with an attorney and defendant stated that he would need between four and six weeks to obtain a lawyer, the court granted an adjournment to December 7. On that date, the court denied defendant's motion to be represented by a lawyer whose license to practice law had been suspended and adjourned the case to December 16. On that date, defendant said that an attorney named George Lewis had said he would be appearing in court that day. When Mr. Lewis did not appear after a second call, the court adjourned the case to December 18

and directed defendant to inform his attorney that the trial would start that day. In addition, the court expressly warned defendant that the adjournment was "the last adjournment for the defense." On December 18, however, defendant appeared with an attorney, Sabrina Shraff, who immediately requested an adjournment. The court denied that request and jury selection commenced with defendant representing himself.

Under these circumstances, defendant's claim that the trial court abused its discretion by refusing the request for an adjournment on December 18 is meritless (see People v Arroyave, 49 NY2d 264, 271-272 [1980] [a defendant's request to substitute counsel made on the eve of trial may be denied if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time, and that when a defendant has been given such an opportunity, "it is incumbent upon the defendant to demonstrate that the requested adjournment has been necessitated by forces beyond his control and is not simply a dilatory tactic"]). Here, defendant was given more than a reasonable opportunity to retain counsel of his choosing and fell far short of demonstrating that the December 18 request was not a dilatory tactic.

Neither prior to nor during the trial did defendant ever contest venue with respect to any of the counts of the indictment. Accordingly, defendant's appellate claim that with respect to three counts the People failed to prove, pursuant to CPL 20.40 (2) (c), that his conduct had a particular effect on New York County has been waived (see People v Greenberg, 89 NY2d 553, 556 [1997] ["(f)ailure to request a jury charge on venue . . . amounts to waiver"]; People v Lowen, 100 AD2d 518, 519 [1984], lv denied 62 NY2d 808 [1984] [issue of venue "was waived by the failure to raise the point by pretrial motion"]). Similarly unavailing is defendant's claim that the trial court failed to make appropriate inquiry of a sworn juror who had approached the court and indicated that she did not know if she could be fair and impartial in light of something the juror did not want to speak about in open court. At no point did defendant object to the inquiry that the trial court did make or request additional inquiry. Accordingly, his appellate claim is not preserved for review (see People v Hicks, 6 NY3d 737, 739 [2005] [no question of law regarding claimed inadequacy of trial court's inquiry of sworn juror preserved for review "(i)n the absence of a protest to the scope or intensity of the court's inquiry"]), and we decline to review it in the interest of justice.

Although defendant presented no defense and no evidence on his own behalf, the prosecutor, during the course of his summa-

tion, referred to the shifting theories defendant had advanced in the so-called affidavits of facts he submitted with his W-4's and amended returns on the nontaxability of his wages as a New York City correction officer and told the jury that "if the defendant believed any of these things, . . . even a mistaken belief as to the law, as Judge Wetzel will instruct you, would not be a defense for him." Defendant did not object to this contention by the prosecutor or to the portion of the trial court's charge to the jury in which the court instructed the jury that "a person is not relieved of criminal liability for conduct because he engages in that conduct under the mistaken belief that it does not as a matter of law constitute an offense." Nonetheless, defendant now complains that the prosecutor's contention and the court's instruction were improper.

To convict him of the false instrument charges the People were required to prove defendant's knowledge that the written instruments contained a false statement and defendant's intent to defraud the City and State; similarly, the attempted grand larceny charge required proof that defendant intended to deprive the State of its property. Defendant now argues for the first time on appeal that his good faith belief in the legality of his conduct negated these essential mens rea elements, and the prosecutor's contention and the court's instruction deprived him of a fair trial and of his right to present a defense.

However, having voiced no objection at trial, defendant has failed to preserve either complaint for review (CPL 470.05 [2]; *People v Balls*, 69 NY2d 641 [1986]), and we decline to review them in the interest of justice. Were we to review such claims, we would find them to be without merit. "While defendant may disagree with existing tax laws, or with their generally accepted interpretations, there was no evidence that he honestly misunderstood his duties under those laws as they currently stand (*see Cheek v United States*, 498 US 192, 202 n 8 [1991])" (*People v Maseda*, 39 AD3d 226 [2007], *lv denied* 9 NY3d 847 [2007]). Thus, neither the common-law rule on mistake of law nor the statutory exception in Penal Law § 15.20 (2) apply to the facts of this case. The challenged comments were generally responsive to the pro se defendant's summation comment suggesting that he was being prosecuted merely for "disagreeing" with the tax authorities and his explanations why he purported to owe no taxes.

Finally, defendant challenges the sufficiency and weight of the evidence, essentially arguing that his "openly, clearly and precisely express actions" are inconsistent with the mens rea elements of the false instrument and attempted grand larceny

crimes. The sufficiency claim, however, has not been preserved for review by a timely argument specifically directed at the alleged insufficiency (*see People v Gray*, 86 NY2d 10, 19 [1995]). Moreover, defendant's challenges to the sufficiency and weight of the evidence must be assessed in light of the elements of the crimes as they were charged to the jury without exception (*see People v Dekle*, 56 NY2d 835, 837 [1982]; *People v Noble*, 86 NY2d 814, 815 [1995]). When so assessed, defendant's challenges are without merit. Concur—Andrias, J.P., Marlow, Sweeny and Malone, JJ.

McGuire, J., concurs in a separate memorandum as follows: Although I agree with the majority in all other respects, I respectfully disagree with its discussion of defendant's contention that under the common-law exception to the general rule that a mistake of law is no defense, his good faith belief that he did not owe taxes negated the specific mens rea elements of the crimes for which he was convicted.

Defendant advances two claims of error in this regard. First, he claims that the prosecutor erred in arguing on summation that if defendant believed the various theories he had advanced as to the nontaxability of his wages, "even a mistaken belief as to the law, as Judge Wetzel will instruct you, would not be a defense for him." Second, he claims that Judge Wetzel erred when he instructed the jury that "a person is not relieved of criminal liability for conduct because he engages in that conduct under the mistaken belief that it does not as a matter of law constitute an offense."

I agree with the majority that neither of these claims of error is preserved for review on account of defendant's failure to voice any, let alone a timely and specific, objection (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]). I also agree that we should not review them in the interest of justice (*cf. People v Dekle*, 56 NY2d 835, 837 [1982]). I disagree with the majority, however, with regard to what it goes on to say. For the reasons stated below, I would say no more.

Whether defendant or the People are correct on the merits is an unresolved and significant issue of law. The two cases the People cite in support of their position that the common-law exception applies only to negative a specific intent that is premised on knowledge of the law, *People v Marrero* (69 NY2d 382 [1987]) and *People v Weiss* (276 NY 384 [1938]), do not so hold. Nor do the People claim that either case so holds. Indeed, as defendant stresses, language in *Marrero* actually supports his position that the common-law exception applies to negative a specific intent regardless of whether that mens rea is premised

on knowledge of the law. Thus, as the Court stated, "[w]e conclude that the better and correctly construed view is that the defense [of mistake of law] should not be recognized, except where specific intent is an element of the offense or where the misrelied-upon law has later been properly adjudicated as wrong" (69 NY2d at 391).

Although my own research hardly has been exhaustive, I am not aware of any authority that squarely supports the People's position other than the authority they cite, Justice Donnino (*see* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 15, at 75-76 ["where a crime requires a specific intent premised on knowledge of the law, a mistaken, good-faith belief that the conduct was authorized by law may be properly considered to negate the requisite culpable mental state"]).

This unresolved question of law raises constitutional issues. As the Supreme Court stated in a similar context, one also involving the prosecution of an individual for not paying income taxes, "it is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty, and forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision" (*Cheek v United States*, 498 US 192, 203 [1991]; *see also People v Chesler*, 50 NY2d 203 [1980]).

Particularly given the constitutional dimension to defendant's contention regarding the scope of the common-law exception, it would not be appropriate to reach the merits unnecessarily. "We are bound by principles of judicial restraint not to decide constitutional questions unless their disposition is necessary to the appeal" (*Matter of Clara C. v William L.*, 96 NY2d 244, 250 [2001] [internal quotation marks omitted]).

For some unstated reason, the majority determines not to reject defendant's claims solely on preservation grounds. Instead the majority goes on to state that if it were to review the claims "we would find them to be without merit." Despite the phrase "without merit," I do not understand the majority to have decided the core issue of law underlying both claims: whether the common-law exception applies to negative a specific intent regardless of whether that mens rea is premised on knowledge of the laws. Rather, I understand the majority to have decided only that it need not reach that issue of law because of a factual conclusion it makes about the evidence.

Thus, by way of explanation of its statement that "we would find them to be without merit," the majority immediately goes

on to assert that there "was no evidence that [defendant] honestly misunderstood his duties under [the applicable tax] laws," and that for this reason neither the common-law nor the statutory exception *"apply to the facts of this case"* (emphasis added). Nor does the next sentence—addressing only the prosecutor's summation comments and not the court's instruction to the jury—state or suggest anything about the scope of the common-law exception with regard to specific intent crimes. Moreover, of course, it would be wholly gratuitous of the majority to purport to resolve the novel and substantial question of law defendant presses if it believed that in any event the evidence shows that defendant did not have a mistaken belief that his conduct was lawful. That the majority does not purport to resolve this question also seems evident from the absence of any discussion of *People v Marrero* (69 NY2d 382 [1987]) or any other authority bearing thereon. A novel and substantial question of law would not be resolved in an off-hand and conclusory fashion. Still, it is unfortunate that the majority does not unequivocally state that it leaves the issue for another day.

Finally, I disagree with the majority's assertion that there is "no evidence" that defendant had a good faith belief in the legality of his conduct. Notably, the People do not make any such assertion in their brief. That reflects no want of advocacy. To the contrary, there was ample evidence—including various letters sent by defendant explaining his income tax filings or his legal position and the open or brazen character of his actions—from which a rational juror might conclude that defendant had such a good faith belief. That is not to say that the evidence on this score was persuasive. But the majority is wrong to assert there was *no* such evidence.