THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR LIGHTBODY, Appellant. [880 NYS2d 53]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo,

J.), rendered June 19, 2008, convicting defendant, after a jury trial, of insurance fraud in the third degree, and sentencing him to a term of five years' probation, unanimously reversed, on the facts, and the indictment dismissed.

The verdict to the extent it found that Bronx County was a proper venue was against the weight of the evidence (*see People v Cullen*, 50 NY2d 168, 173 [1980]). On April 5, 2006, while in Queens County, defendant falsely reported to the police that his car had been stolen. In making this report, defendant claimed he had parked his car in Queens the previous night, and that was the last he saw of it. However, on April 3, two days before defendant made the report, the car was found in the Bronx, having been destroyed by fire. All other events relating to this case occurred in Queens, including defendant's making the report to the police and his efforts to obtain reimbursement from his insurance company.

The People's theory of venue is that both the knowledge and fraudulent intent elements of insurance fraud (*see* Penal Law § 176.05 [1]) occurred in Bronx County. A person may be convicted of an offense in an appropriate court of a county when "[c]onduct occurred within such county sufficient to establish . . . [a]n element of such offense" (CPL 20.40 [1] [a]). Here, however, the evidence established that all the elements of the crime—namely, defendant's knowledge of the falsity of his report, his intent to commit insurance fraud, and the making of the false statements—occurred in Queens County, not the Bronx. While it is reasonable to infer that defendant brought or caused his car to be brought to the Bronx and burned, that conduct is not an element of insurance fraud; instead, it is part of the evidence establishing that defendant's claim was actually false.

With respect to geographical jurisdiction, the Court instructed the jury it had to find that both the intent and the knowledge elements of insurance fraud—i.e., the intent and knowledge that pertained to the knowing filing of a false insurance claim—had to occur in the Bronx; but the evidence demonstrated that defendant's intent was formed and his knowledge was developed while he was in Queens. Defendant's actions in relation to the car were not *elements* of insurance fraud. Therefore, as relevant to jurisdiction or venue, the elements of the crime occurred in Queens (*see People v Cullen*, 50 NY2d at 175; *People v Leonard*, 106 AD2d 470 [1984], *lv denied* 64 NY2d 1020 [1985]). Concur—Friedman, J.P., Sweeny, Catterson and Freedman, JJ.