[895 NYS2d 762]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED SCHONFELD, Appellant.

Supreme Court, Appellate Term, Second Department, December 31, 2009

APPEARANCES OF COUNSEL

*Matisyahu Wolfberg*, Spring Valley, for appellant. *Michael L. Klein, Town Attorney*, Suffern, for respondent.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment of conviction is reversed, on the law, and the matter is remitted to the Justice Court for a new trial.

Defendant was charged by simplified traffic information with speeding (Vehicle and Traffic Law § 1180 [d]). It is not disputed that the complainant police officer timely mailed a copy of the supporting deposition to defendant in an envelope directed to him at the address he had provided on the back of the appearance ticket. The envelope was returned unopened by the post office to the sender with the notation "ATTEMPTED—NOT KNOWN." Contrary to defendant's contention, the mailing constituted the service upon him required by CPL 100.25 (2) (*see generally* CPLR 2103; *People v Godoy*, 180 Misc 2d 771, 773 [Crim Ct, NY County 1999]; *cf. People v Hollinger*, 15 Misc 3d 130[A], 2007 NY Slip Op 50622[U] [App Term, 9th & 10th Jud Dists 2007]).

Even if we assume, arguendo, that defendant's challenge to the sufficiency of the proof of proper venue in the Justice Court of the Town of Ramapo (*see* CPL 100.55 [4]) is not waived (*compare People v Dandridge*, 45 AD3d 330, 331 [2007], *with People v Sandoz*, 248 AD2d 334 [1998]; *cf. People v Carvajal*, 6 NY3d 305, 311-312 [2005]; *People v Williams*, 24 Misc 3d 131[A], 2009 NY Slip Op 51358[U] [App Term, 9th & 10th Jud Dists 2009]), it is not preserved for appellate review, and we decline to reach it in the interest of justice. Moreover, in our view, we are not required to reach the question whether the verdict of guilty was against the weight of the evidence on this venue issue (*see People v Greenberg*, 89 NY2d 553, 555-556 [1997] ["(v)enue is not an element of the offense"]; *cf. People v Danielson*, 9 NY3d 342 [2007]; *People v Cullen*, 50 NY2d 168, 173 [1980] [jury's implicit finding on venue was subject to weight of the evidence review]; *People v Lightbody*, 62 AD3d 632, 633 [2009] [same]), and we decline to do so.

Defendant's challenge to the sufficiency of the identification evidence is not preserved, and we decline to reach it in the interest of justice. Were we to reach it, we would find that it

lacks merit. Furthermore, according, as we must, great deference to the Justice Court's credibility determinations (*see People v Lane*, 7 NY3d 888, 890 [2006]; *see also People v Romero*, 7 NY3d 633, 644-645 [2006]), upon our own review of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]) we are satisfied that the verdict was not against the weight of the evidence.

We reverse the conviction, however, for the following reasons. Defendant appeared on the trial date without counsel. The Justice Court failed to give him the required advisements of, among other things, his rights to counsel "at every . . . stage of the action" (CPL 170.10 [3]) and to an adjournment for the purpose of obtaining counsel (*see* CPL 170.10 [3] [a]; [4] [a]). We note that the appearance ticket did not adequately inform him of these rights (*cf.* CPL 170.10 [5]). Furthermore, prior correspondence from the court had not sufficiently alerted him to his right to counsel, particularly because, under the circumstances presented, he could reasonably have believed that his appearance on the trial date was for the purpose of having the simplified traffic information dismissed. Finally, the court should have granted defendant's request for an adjournment for the very purpose of obtaining counsel (*see* CPL 170.10 [4] [a]).

Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice Court for a new trial.

NICOLAI, P.J., TANENBAUM and MOLIA, JJ., concur.