(October 13, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERROD NETTLES, Appellant. [931 NYS2d 16]—

At the beginning of jury selection, the court offered to speak individually to potential jury members who believed they would have difficulty being fair. The court asked for a show of hands to see who wanted to speak individually, cautioning that "[b]y not raising your hands now, you're telling me that you will not have anything to divulge to us regarding your qualification." Seven of the 17 panelists who raised work-related or financial concerns were dismissed.

After 12 jurors were sworn, the court began the process of selecting alternate jurors. During a break, the court informed the parties that a juror "has a problem." The juror, who had not spoken up before, entered the courtroom and the court asked the juror what the problem was. The juror replied: "I don't get paid." The court asked the juror what kind of company

he works for and how much he earns. The juror explained that he works as an hourly consultant for a private company and that he makes $30,000. After the juror left the courtroom, defense counsel stated that he was concerned that the juror would race through deliberations and that the court had previously excused jurors who gave similar annual income. Counsel, however, never asked the court to pose any additional questions to the juror and the juror remained as part of the sworn jury.

CPL 270.35 (1) provides that a sworn juror must be discharged if "the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case." A juror is "grossly unqualified" only "when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v Buford*, 69 NY2d 290, 298 [1987] [internal quotation marks and citation omitted]).

Defendant failed to preserve his claim that the court made an insufficient inquiry of the sworn juror, and we decline to reach it in the interest of justice. After the court questioned the juror, counsel raised no complaints about the scope of the court's inquiry. Counsel never asked the court to pose any additional questions, and in particular did not request that the court ask the juror whether his financial concerns would affect his ability to be fair. Nor did counsel seek to question the juror himself about his ability to render an impartial verdict. Thus, defendant's claim that the court failed to make an adequate inquiry of the sworn juror is unpreserved (*see People v Hicks*, 6 NY3d 737, 739 [2005] [the defendant's claim that the court failed to conduct a sufficient inquiry of a juror does not present a preserved question of law "(i)n the absence of a protest to the scope or intensity of the court's inquiry"]; *People v Dandridge*, 45 AD3d 330, 331 [2007], *lv denied* 9 NY3d 1032 [2008]; *People v Morales*, 36 AD3d 631, 632 [2007], *lv denied* 8 NY3d 925 [2007]).

Based on the juror's brief statement about not being paid, the court properly declined to dismiss the sworn juror. Prior to jury selection, when the court offered to speak with jurors who believed they would have difficulty being fair, this juror did not ask to address the court. Nor did the juror express any concerns about being fair when he belatedly raised the issue of not being paid. Thus, nothing the sworn juror said in any way suggested that he would be incapable of rendering an impartial verdict or that he was otherwise unfit to serve (*see People v Butler*, 281 AD2d 333 [2001], *lv denied* 96 NY2d 899 [2001] [where sworn juror "expressed concern and bitterness about the time and

money he was losing," discharge not required where the juror had never expressed any doubt about his ability to render an impartial verdict]; *People v Nocedo*, 161 AD2d 297, 298 [1990] ["(m)ere concern on the part of a juror that his continued service could result in financial hardship is insufficient to warrant his discharge"]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence.

We reject defendant's challenges to the court's evidentiary rulings.

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Tom, Friedman, Catterson and Richter, JJ.