*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    106034
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

DEANA M. OLSEN,
                        Appellant.
_____

Calendar Date:  November 12, 2014

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Catherine A. Barber, Albany, for appellant.

        J. Anthony Jordan, District Attorney, Fort Edward (Sara E.
Fischer of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered March 28, 2013, convicting
defendant following a nonjury trial of the crimes of criminally
negligent homicide and reckless driving, and the traffic
infractions of use of a portable electronic device while
operating a motor vehicle and failure to keep right.

        Defendant was driving northbound on a two-lane county road
on her way to ride horses with a friend when she lost control of
her sport utility vehicle, causing it to travel off the road onto
the front lawn of the victim's property and to fatally strike the
victim before crashing into a stone wall.  Consequently,
defendant was charged in an eight-count indictment with various
crimes and traffic infractions.  A bench trial was conducted,

after which defendant was found guilty of criminally negligent homicide, reckless driving, use of a portable electronic device while operating a motor vehicle and failure to keep right. County Court sentenced defendant to 1⅓ to 4 years in prison for her criminally negligent homicide conviction and assessed fines and surcharges in relation to the other convictions. Defendant now appeals.

Defendant asserts that the criminally negligent homicide, reckless driving and use of a portable electronic device while operating a motor vehicle convictions are against the weight of the evidence.[1] "Where . . . a different verdict would not have been unreasonable, this Court must view the evidence in a neutral light and, 'like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony'" (People v Sheppard, 107 AD3d 1237, 1238 [2013], lv denied 22 NY3d 1203 [2014], quoting People v Romero, 7 NY3d 633, 643 [2006]). At trial, the People presented testimony from witnesses who observed defendant swerving in and out of her lane of travel and passing several vehicles in the moments leading up to the accident. In particular, one witness testified that, as defendant was passing vehicles, a vehicle in the southbound lane was forced off of the road in order to avoid a head-on collision. Despite that near miss, the witness recalled that defendant then passed her vehicle and three others and then suddenly lost control of her vehicle and drove off the road. Another witness indicated that he had to move closer to a manure truck that was in front of him, and the car that had been traveling directly behind his vehicle was forced to slow down so that defendant could fit her vehicle into a small gap in the northbound lane.

[1] Defendant did not preserve her argument that these convictions were not supported by legally sufficient evidence by failing to move to dismiss said charges following the close of all the evidence at trial (see People v Ramirez, 118 AD3d 1108, 1110 [2014]). Nonetheless, in deciding whether the convictions were contrary to the weight of the trial evidence, we necessarily review the sufficiency of such evidence (see People v Ballenger, 106 AD3d 1375, 1376 n [2013], lv denied 22 NY3d 995 [2013]).

Overall, this evidence indicates that defendant's haphazard weaving among vehicles on a moderately busy two-lane road "unreasonably interefere[d] with the free and proper use of the public highway" and unreasonably endangered the safety of those that were on the road at that time, thereby supporting defendant's reckless driving conviction (Vehicle and Traffic Law § 1212; see People v Earley, 121 AD3d 1192, 1193-1194 [2014]; People v Goldblatt, 98 AD3d 817, 818-820 [2012], lv denied 20 NY3d 932 [2012]).

County Court also heard from witnesses that observed defendant looking down as she was driving just prior to the accident. Moreover, one witness saw defendant holding an unidentified item in her hands at the top of the steering wheel and that her hands and thumbs appeared to be moving. Defendant's friend acknowledged at trial that she sent defendant text messages on the morning of the accident, in which she chided defendant for running late for their horse ride. Trial testimony revealed that, although the text messages appeared to have been received and opened, defendant did not respond to them. When one witness stopped to check on defendant immediately following the accident, defendant asked the witness to retrieve her cell phone, which was located on the floor of the front passenger seat. As this evidence allowed the court to reasonably infer that defendant was holding and using her cell phone while driving, we do not agree with defendant's claim that the conviction on the use of a portable electronic device while operating a motor vehicle was against the weight of the trial evidence (see Vehicle and Traffic Law § 1225-d).

Furthermore, we reject defendant's claim that her conduct was not sufficiently blameworthy to support the criminally negligent homicide conviction and conclude that her actions evinced "the kind of 'seriously blameworthy' carelessness whose 'seriousness would be apparent to anyone who shares the community's general sense of right and wrong'" (People v Cabrera, 10 NY3d 370, 377 [2008] [brackets omitted], quoting People v Boutin, 75 NY2d 692, 696 [1990]; accord People v Asaro, 21 NY3d 677, 685 [2013]). Viewing the evidence in a neutral light, namely that defendant engaged in unsafe passing and drove in an erratic manner while looking at her cell phone, which ultimately

caused her to lose control of her vehicle and fatally strike an innocent bystander, and deferring to County Court's "'opportunity to view the witnesses, hear the testimony and observe demeanor,'" we conclude that defendant's convictions were not contrary to the weight of the evidence (People v Tompkins, 107 AD3d 1037, 1038 [2013], lv denied 22 NY3d 1044 [2013], quoting People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Guglielmo, 30 AD3d 830, 832 [2006], lv denied 7 NY3d 813 [2006]).

Finally, we address defendant's claim that the sentence imposed by County Court was harsh and excessive. Specifically, defendant insists that because she has no prior criminal record and serves as the primary caregiver for her two children, the sentence should be reduced. Appalled by defendant's apparent lack of remorse and statements that she made at sentencing, in which she compared her situation to that of the victim of her own crime, County Court imposed the maximum prison sentence allowed for the criminally negligent homicide conviction. Under these circumstances and in the absence of any abuse of discretion by the sentencing court, we are not convinced that a reduction of the sentence is warranted (see People v Newkirk, 75 AD3d 853, 857-858 [2010], lv denied 16 NY3d 834 [2011]; People v Warner, 9 AD3d 604, 604-605 [2004]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court