2014-1168 S CR
 The People of the State of New York, Respondent,
against
Eugene Agbimson, Appellant.




Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul Senzer, J.H.O.), rendered May 29, 2014. The judgment, after a nonjury trial, convicted defendant of using a portable electronic device while operating a motor vehicle.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with using a portable electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]). At a nonjury trial, Sergeant Baranek testified that he had observed defendant's Mercedes Benz swerving back and forth within the left lane of eastbound Route 27. When he pulled his vehicle alongside defendant's vehicle and looked inside, Sergeant Baranek saw defendant looking down at a cell phone, which he was holding in his left hand. Sergeant Baranek further testified that he could see the illumination emitted from the screen of the cell phone, which also cast a light on defendant's upper body. Sergeant Baranek then used his vehicle's "takedown" light to illuminate the interior compartment of defendant's vehicle and, as a result, was able to confirm that defendant was looking down at the screen of his phone, which he held in his left hand while driving. Defendant testified that, while he was driving, his phone had rung, and that he had picked it up to look at it and then used his left hand to switch the phone off. Crediting the sergeant's testimony, the District Court found defendant guilty of violating Vehicle and Traffic Law § 1225-d (1) and imposed a fine of $150. 
Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1225-d (1) provides that "no person shall operate a motor vehicle while using any portable electronic device while such vehicle is in motion." For purposes of the statute, a "portable electronic device" includes a hand-held mobile telephone (Vehicle and Traffic Law § 1225-d [2] [a]) and "using" this device means "holding [it] while viewing, taking or transmitting images, playing games, or, for the purpose of present or future communication: performing a command or request to access a world wide web page, composing, sending, reading, viewing, accessing, browsing, transmitting, saving or retrieving e-mail, text messages, instant messages, or other electronic data" (Vehicle and Traffic Law § 1225-d [2] [b]). Moreover, "[a] person who holds a portable electronic device in a conspicuous manner while operating a motor vehicle . . . is presumed to be using such device . . . [and] [t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not using the device within the meaning of this section" (Vehicle and [*2]Traffic Law § 1225-d [4]).
The sergeant's testimony gave rise to a presumption that defendant had been using a portable electronic device while operating a motor vehicle which was in motion. Pursuant to Vehicle and Traffic Law § 1225-d (4), the burden was then on defendant to rebut that presumption by demonstrating that he was not using this device within the meaning of the statute; however, defendant was unable to do so. Consequently, viewing the evidence adduced at trial in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the conviction. Furthermore, upon an independent review of the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Olsen, 124 AD3d 1084 [2015]).
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., and Garguilo, J., concur.
Decision Date: May 25, 2016