2014-1167 S CR
 The People of the State of New York, Respondent,
against
Eugene Agbimson, Appellant.




Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul Senzer, J.H.O.), rendered May 8, 2014. The judgment, after a nonjury trial, convicted defendant of speeding.




ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, for a new trial.
Defendant was charged in a simplified information with speeding (Vehicle and Traffic Law § 1180 [d]). The record demonstrates that, on the scheduled trial date, defendant requested an adjournment and informed the court that his attorney was not present, having had to respond to an emergency. The Judicial Hearing Officer denied defendant's request for an adjournment, noting that defendant was charged with a "mere" traffic infraction. After a nonjury trial, defendant was convicted of speeding.
Following the filing with a local criminal court of a simplified information, a defendant has the right to the aid of counsel at every stage of the action (see CPL 170.10 [1], [3]; People v Schonfeld, 26 Misc 3d 74 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). While it is well settled that the "granting of an adjournment for any purpose is a matter of discretion for the trial court" (People v Singleton, 41 NY2d 402, 405 [1977]; see People v Spears, 64 NY2d 698, 699-700 [1984]; People v Green, 74 AD3d 1899 [2010]), we find that the court's refusal to grant a brief adjournment, under the circumstances presented herein, where defendant had informed the court that his attorney was temporarily unavailable, constituted an improvident exercise of discretion (see People v Norris, 190 AD2d 871 [1993]; cf. People v Woolson, 122 AD3d 1353 [2014]).
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, for a new trial.
Marano, P.J., and Garguilo, J., concur.
Decision Date: May 25, 2016