The People of the State of New York, Respondent,
against
Pamela L. Linden, Appellant.



Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Martin Kerins, J.H.O.), rendered April 9, 2014. The judgment, after a nonjury trial, convicted defendant of speeding.




ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, the District Court convicted defendant of speeding (Vehicle and Traffic Law § 1180 [d]). On appeal, defendant contends, among other things, that the trial evidence presented by the People was legally insufficient to sustain her conviction, that the verdict was against the weight of the evidence, that she was not notified by the court of her right to counsel, and that the court's failure to allow her expert witness to testify as part of her defense resulted in an unfair trial.
Defendant's claim that her conviction was not supported by legally sufficient evidence is unpreserved for appellate review, as she failed to move to dismiss the charge on this ground at trial (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Castro, 42 Misc 3d 140[A], 2014 NY Slip Op 50180[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish beyond a reasonable doubt defendant's guilt of speeding (see People v Solanet, 44 Misc 3d 138[A], 2014 NY Slip Op 51253[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Here, the radar unit used by the police officer to measure defendant's speed at 44 miles per hour in a posted 30 mile per hour zone sufficed to independently prove a violation of Vehicle and Traffic Law § 1180, since the unit's accuracy was established by proof that the police officer, who demonstrated through her training that she was a qualified operator, had conducted tests indicating that the radar unit was functioning properly at the time of the incident (see People v Les, 36 Misc 3d 138[A], 2012 NY Slip Op 51439[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). We note that, even if the proof of the calibration of the radar device had been inadequate, the reading, coupled with the estimate of the speed of defendant's vehicle given by the officer, who demonstrated that she was qualified to visually estimate rates of speed, sufficed to prove the offense (see People v Palu, 47 Misc 3d 35 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Furthermore, upon an independent review of the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Olsen, 124 AD3d 1084 [2015]). 
Pursuant to CPL 170.10, a defendant "has the right to the aid of counsel at the arraignment and at every stage of the action," even if the defendant is charged by simplified information (CPL 170.10 [1], [3]). Moreover, a defendant who appears at an arraignment without counsel, has the right "to an adjournment for the purpose of obtaining counsel" (CPL 170.10 [3] [a]). Despite defendant's contention on appeal, the record does not demonstrate that she was never notified of her right to counsel by the District Court. Pursuant to CPL 170.10 (5), "[i]n any case in which a defendant has appeared for arraignment in response to a summons or an appearance ticket, a printed statement upon such process of any court instruction required by the provisions of subdivision four . . . constitutes compliance with such provisions with respect to the instruction so printed." Although the portion of the appearance ticket contained in the record does not set forth any information regarding defendant's right to counsel, here, the record establishes that defendant was advised of those rights in writing through a scheduling letter, dated November 25, 2013, which was sent by the court to her. Thus, since defendant was clearly made aware of her right to counsel, the court had no further statutory duty. Moreover, the record does not indicate that defendant ever requested an adjournment of the trial in order to obtain counsel (cf. People v Mohabir, 46 Misc 3d 143[A], 2015 NY Slip Op 50186[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Rellou, 31 Misc 3d 143[A], 2011 NY Slip Op 50874[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Schonfeld, 26 Misc 3d 74, 76 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
It is well established that the "[q]ualification of a witness as an expert is a determination within the sound discretion of the trial court and its determination will not be disturbed in the absence of serious mistake or an improvident exercise of discretion" (People v Jones, 171 AD2d 691, 691 [1990]; see People v Cronin, 60 NY2d 430, 433 [1983]; People v Greene, 153 AD2d 439 [1990]). Here, following defendant's proffer of her husband as an expert witness in the area of automotive performance and the prosecutor's voir dire of the witness, the court properly determined that the witness was not qualified to testify as an expert, as he had failed to demonstrate any expertise in measuring a vehicle's speed and the central issue in this case was the rate of speed of defendant's vehicle. It has been held that "[e]xpert opinions which are contingent, speculative, or merely possible lack probative force and are, therefore, inadmissible" (People v Robinson, 174 AD2d 998, 999 [1991] [internal quotation marks and citations omitted]). Thus, it was not an improvident exercise of discretion for the court to sustain the People's objection to the admissibility of defendant's husband's expert opinion. Nevertheless, the court did permit him to testify as a lay witness. 
We have reviewed defendant's remaining contentions and find them to either be unpreserved for appellate review (see Gray, 86 NY2d at 19; People v Prado, 1 AD3d 533, 534 [2003]; People v Gold, 42 Misc 3d 139[A], 2014 NY Slip Op 50173[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]) or without merit (see Solanet, 44 Misc 3d 138[A], 2014 NY Slip Op 51253[U]; Castro, 42 Misc 3d 140[A], 2014 NY Slip Op 50180[U]; cf. People v Berger, 16 Misc 3d 133[A], 2007 NY Slip Op 51498[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). 
Accordingly, the judgment of conviction is affirmed.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: June 23, 2016