The People of the State of New York, Respondent,
against
A.R. Javaherforoush, Appellant.



Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul Senzer, J.H.O.), rendered September 16, 2014. The judgment, after a nonjury trial, convicted defendant of improperly passing on the right.




ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for a new trial before a different judicial hearing officer.
Defendant was issued a "Uniform Traffic Ticket," on June 15, 2013, for "unsafe passing on [the] right," a traffic infraction, and subsequently a "Simplified Information/Complaint" was filed with the court, charging her with a violation of Vehicle and Traffic Law § 1123. On September 16, 2014, immediately prior to the commencement of trial, defendant's attorney, who had been retained from the inception of the prosecution, made an application to be relieved as counsel, apparently without prior notice to defendant. The motion was granted by the court. Upon being relieved of his representation of defendant, counsel indicated that he would provide defendant with the contents of his file, which included written motions that she had asked him to prepare. Defendant requested an adjournment of the trial so that she could obtain new counsel, which request the People opposed. The court denied defendant's request for an adjournment, noting that she had previously made a request for an adjournment and that the Suffolk County Traffic and Parking Violations Agency's rules prohibit a second adjournment of a case within 30 days of a scheduled trial. Defendant then orally moved to dismiss the simplified traffic information based upon the People's alleged failure to provide a requested supporting deposition. The court denied the motion on procedural grounds, finding that the motion was untimely since it had not been made more than 30 days before the commencement of trial, as required by Agency rules, and that it had not been made in writing. In response to the court's ruling, defendant made an application to submit the motion in writing, which had been drafted by her former counsel and which was contained in the file that he had handed over to her; however, the court would not accept the motion, and the trial commenced. Following the nonjury trial, defendant was convicted of improperly passing on the right (Vehicle and Traffic Law § 1123).
Pursuant to CPL 170.10, a defendant "has the right to the aid of counsel at the arraignment and at every stage of the action," even when the defendant is charged by simplified information (CPL 170.10 [1], [3]). Moreover, this court has repeatedly held that a defendant must, pursuant to CPL 170.10 (3) (a), be informed of that right and of the right to an adjournment [*2]for the purpose of obtaining counsel (see People v Dibello, 46 Misc 3d 143[A], 2015 NY Slip Op 50192[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Mohabir, 46 Misc 3d 143[A], 2015 NY Slip Op 50186[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Rellou, 31 Misc 3d 143[A], 2011 NY Slip Op 50874[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Schonfeld, 26 Misc 3d 74, 76 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). Indeed, "the court must not only accord [the defendant the] opportunity to exercise such right[] but must itself take such affirmative action as is necessary to effectuate [it]" (CPL 170.10 [4] [a]). Here, the record reveals that, after the court granted defendant's counsel's application to be relieved, made immediately prior to the commencement of trial, defendant requested an adjournment to obtain new counsel. After that request was denied, defendant continually renewed the request throughout the trial. There is nothing in the record to show that defendant's requests to obtain new counsel were "calculated to undermine, upset or unreasonably delay the progress of the trial" (People v James, 13 AD3d 649, 650 [2004]). Moreover, while defendant may not have complied with the agency's formal adjournment request procedure, her noncompliance cannot be an absolute bar to the granting of a request for an adjournment where the circumstances warrant it. Since defendant was entitled to be represented by her own counsel in these proceedings, her request for an adjournment should have been granted, particularly in light of the fact that defendant was seemingly unaware that her attorney was going to seek to be relieved as counsel immediately prior to the commencement of the trial.
In light of the foregoing, we need not address defendant's remaining contentions. However, we note that defendant, if she be so advised, may still make a written motion to dismiss the simplified traffic information prior to the commencement of trial based upon her allegation that the People failed to provide a requested supporting deposition (see People v Key, 45 NY2d 111, 116 [1978]; cf. People v Fattizzi, 98 Misc 2d 288, 289-290 [App Term, 2d Dept, 9th & 10th Jud Dists 1978]).
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for a new trial before a different judicial hearing officer.
Marano, P.J., Tolbert and Brands, JJ., concur.
Decision Date: June 23, 2016