The People of the State of New York, Respondent,
against
Christopher G. Scheck, Appellant.




Christopher G. Scheck, appellant pro se.
Prosecutor for the Town of Monroe (Sarah Ramos of counsel), for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Monroe, Orange County (Steven I. Milligram, J.), rendered January 31, 2018. The judgment convicted defendant, after a nonjury trial, of using a portable electronic device while operating a motor vehicle, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with using a portable electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]). Following a nonjury trial, at which a state trooper, defendant, and defendant's wife testified, the Justice Court found defendant guilty as charged and imposed sentence. On appeal, defendant essentially contends that the evidence was legally insufficient and that the verdict was against the weight of the evidence. 
To the extent that defendant's contention on appeal is viewed as a legal insufficiency claim, the issue is not preserved for appellate review, since defendant failed to move to dismiss the charge based upon that ground at trial (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Olsen, 124 AD3d 1084 [2015]). However, upon a defendant's request, this court must conduct a weight of the evidence review and, thus, "a defendant will be given one [*2]appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Joyner, 126 AD3d 1002 [2015]). If a finding in favor of the defendant would not have been unreasonable, then this court must "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348; see also People v Curry, 112 AD3d 843 [2013]). Once this court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted (see Joyner, 126 AD3d at 1005; Curry, 112 AD3d at 844).
The statutory presumption that a person who holds a portable electronic device in a conspicuous manner while operating a motor vehicle is "using" such device is rebuttable by evidence tending to show that the operator was not "using" the device within the meaning of the statute (see Vehicle and Traffic Law § 1225-d [2] [b]; [4]). Here, according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are of the opinion that the verdict was not against the weight of the evidence as defendant failed to rebut the People's prima facie showing that he had violated Vehicle and Traffic Law § 1225-d (1). 
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 3, 2019