The People of the State of New York, Respondent,
against
Carlos Martinez, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Herbert J. Adlerberg, J.H.O.), rendered January 13, 2016, after a nonjury trial, convicting him of reckless driving, and imposing sentence.




Per Curiam.
Judgment of conviction (Herbert J. Adlerberg, J.H.O.), rendered January 13, 2016, affirmed.
Viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]), it was legally sufficient to establish defendant's guilt of reckless driving (see Vehicle and Traffic Law § 1212). The credited police testimony established that defendant, while driving south in the left lane on Third Avenue, cut off a police vehicle in the right lane without signaling and then failed to yield to a pedestrian in the crosswalk. The trial court could rationally conclude from the evidence that defendant "unreasonably interfere[d] with the free and proper use of the public highway" and unreasonably endangered the safety of those that were on the road at that time (Vehicle and Traffic Law § 1212; see People v Grogan, 260 NY 138, 144 [1932]; People v Olsen, 124 AD3d 1084, 1086 [2015], lv denied 26 NY3d 933 [2015]; People v Cooper, 38 AD3d 678, 679-680 [2007]).
Nor was the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the court's determinations concerning credibility, including its acceptance of the police officer's eye-witness testimony and rejection of defendant's testimony, which consisted primarily of defendant repeatedly stating that the officer was lying without refuting the officer's version of events.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 19, 2020