■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BILELLO, SR., and EUGENE HECHT, Appellants.—

The defendant Hecht's contention that the court erred is permitting the People to introduce rebuttal testimony is without merit. Pursuant to CPL 260.30 (7), it is within a trial court's discretion to admit evidence in rebuttal.

We also find unpersuasive the defendant Bilello's claim that the court should not have permitted the People's witnesses to testify regarding the hearsay statements of his codefendant. "[T]he declarations of one coconspirator made in the course of and furtherance of a conspiracy are admissible against all other coconspirators as an exception to the general rule against hearsay" *(People v Sanders,* 56 NY2d 51, 62).

Equally without merit is the defendant Bilello's argument that the court should not have quashed his subpoena for the FBI agent and, having done so, should have given the re-

quested missing witness charge. Bilello refused to comply with the regulations governing the subpoena of Federal officials, and did not set forth his reasons for calling the witness. Under these circumstances, the court's rulings were correct. The defendants' remaining objections directed to the court's charge to the jury are unpreserved and, in any event, are without merit.

Nor was there reversible error in the Trial Judge's unobjected-to remark to the jury at the conclusion of the charge that "I think when you go in that jury room to deliberate that hopefully you might have a verdict this afternoon". The fact that the jury continued its deliberations overnight demonstrates how little effect this allegedly coercive statement had upon it.

The defendant Hecht's claim that the verdict as to him was repugnant is similarly without merit. The jury did not, when it acquitted Hecht of the first three counts of the indictment, of necessity, find that he did not commit an essential element of the fourth count, of which he was found guilty (see, e.g., People v Tucker, 55 NY2d 1).

The court properly exercised its sentencing discretion when it denied the defendant Hecht the right to purchase or sell used cars for a one-year period. In imposing a conditional discharge, the court may impose such conditions as it "deems reasonably necessary to insure that a defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]) and may require that a defendant "[w]ork faithfully at a suitable employment" (Penal Law § 65.10 [2] [c]).

The court did, however, abuse its discretion when it based the amount of the defendant Bilello's fine upon the estimated cost of the trial. Such a factor is not a legitimate sentencing factor.

The defendants' remaining contentions are without merit. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.