■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEE, Appellant. [630 NYS2d 82] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered July 9, 1992, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after hearings (Patterson, J., and Slavin, J.), of those branches of the

defendant's omnibus motions which were to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the finding that he affirmatively consented to the consolidation of Indictments No. 6244/90, 6354/90, and 9819/90, which was properly effected by the trial court pursuant to CPL 200.20 (2) (c) and (4) (see, People v Whethers, 191 AD2d 526).

All of the time periods claimed by the defendant to have been chargeable to the People in connection with his CPL 30.30 motion under Indictments No. 6354/90 and 9819/90 were properly ruled excludable by the Supreme Court. These periods of delay were attributable to (1) defense requests for adjournments, encompassing the 43 days from December 13, 1990, to January 25, 1991, and the 13 days from June 25, 1991, to July 8, 1991 (see, CPL 30.30 [4] [b]; People v Friscia, 51 NY2d 845; People v Gerstel, 134 AD2d 281), and (2) post-readiness delay due to (a) court congestion encompassing the 20 days from September 17, 1991, to October 7, 1991 (see, People v Smith, 82 NY2d 676, 678), and (b) the unavailability of a witness for the People due to undisputed illness, encompassing the 12 days from January 10, 1992, to January 22, 1992 (see, CPL 30.30 [4] [g] [i]; People v Goodman, 41 NY2d 888; People v DeJesus, 190 AD2d 1012; People v Martin, 142 AD2d 737). When these 88 days were excluded, the total number of days chargeable to the People under Indictments No. 6354/90 and 9819/90 were 169 and 139 respectively, both well within the applicable CPL 30.30 time periods for these indictments.

There is no merit to the defendant's contention that evidence of his lineup identifications should have been suppressed based upon his allegations of a Payton violation. The testimony of the People's witnesses demonstrated that the defendant's arrest took place outside of his apartment, and we find no basis for disturbing the hearing court's findings on this point (see, People v Prochilo, 41 NY2d 759, 761).

The hearing court properly held that the absence of shoelaces in the defendant's sneakers when he appeared in the third lineup did not create a substantial likelihood of misidentification (see, People v Rodriguez, 64 NY2d 738, 740; People v Norris, 122 AD2d 82).

Since the testimony of a retired police officer who conducted the lineup under Indictment No. 9819/90 and interviewed the complainant in that case would have been entirely cumulative to the testimony given by the complainant at trial, the Supreme Court properly denied the defendant's request for a

missing witness charge respecting that officer *(see, People v Gonzalez,* 68 NY2d 424, 427; *People v Brown,* 202 AD2d 514).

The defendant's contention that he was denied the effective assistance of trial counsel is unsupported by the record, which clearly reveals that counsel provided vigorous and meaningful representation *(see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions, including his claim that his sentence was excessive, are without merit, involve matters dehors the record on appeal, or are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.