THIRD DEPARTMENT, JANUARY, 1999

(January 7, 1999)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDY GARDNER, Appellant. [683 NYS2d 351] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 9, 1997, upon a verdict convicting defendant of the crime of murder in the second degree.

On December 31, 1994, 11-year-old Kathy Gardner, barefoot and clad in pajamas, ran to her neighbor's home to report that her 67-year-old grandmother, Elizabeth Gardner, had been strangled by her 13-year-old sister, defendant, and defendant's 15-year-old boyfriend, James Evans. The neighbor immediately called 911, as the result of which members of the Saugerties Police Department were dispatched to the victim's residence in the Town of Saugerties, Ulster County. There they found defendant and Evans and upon searching the victim's vehicle, which was parked in the driveway, they found her deceased body stuffed in the trunk. Thereafter, defendant, Evans and Kathy Gardner were transported to the State Police barracks for questioning. Aware that they were dealing with a juvenile offender, the police obtained the name of defendant's father, Clarence Gardner, and began trying to contact him. While the record is not clear as to who actually notified the father, he arrived at the State Police barracks prior to any questioning of defendant and was advised that she had been implicated by her sister in the death of the father's mother. After speaking with her father privately, defendant and her father consented to an interview. Defendant was then advised of her *Miranda* rights in the presence of her father and gave an incriminating statement.

Defendant and Evans were indicted and charged with the crime of murder in the second degree. Following a suppression hearing, County Court denied defendant's motion to suppress her statement and she was thereafter tried and convicted as charged. Sentenced to an indeterminate term of 7 years, 10 months and 25 days to life imprisonment, defendant now appeals.

Defendant contends that County Court erred in denying her motion to suppress her confession on the ground that the police failed to comply with CPL 140.20 (6), which mandates that "[u]pon arresting a juvenile offender without a warrant, the police officer shall immediately notify the parent or other person legally responsible for his [or her] care or the person with whom he [or she] is domiciled, that the juvenile offender has been arrested, and the location of the facility where he [or she] is being detained". Defendant reasons that the presence of her father was insufficient to satisfy the statute because she was domiciled with her grandmother (the victim) and that her father was not a supportive adult in her life. We disagree.

Upon arresting defendant, the police plainly were required by the statute to notify defendant's parent or other person legally responsible for her or the person with whom she was domiciled. The latter, of course, could not be accomplished because defendant's grandmother was deceased at her hands. Clearly, the police satisfied their obligation under the statute by notifying defendant's father of her arrest, by affording him an opportunity to confer with her privately and by conducting the subsequent interrogation in his presence. To read into the statute, as defendant urges, a requirement that the police ascertain the nature and extent of the parental relationship with the juvenile offender in order to determine whether it is sufficiently supportive, a wholly subjective determination, clearly would place an impossible burden on law enforcement. Inasmuch as the police complied with the specific requirements of CPL 140.20 (6), we find no error in County Court's ruling. We have considered defendant's remaining arguments and find them equally unpersuasive.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.