■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PACCIONE, Appellant. [743 NYS2d 561] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered July 19, 2000, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the second degree, burglary in the second degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The appellant, Anthony Paccione, and his brother, codefendant Michael Paccione (*see People v Paccione*, 295 AD2d 451 [decided herewith]), were jointly tried and convicted of robbery and related crimes based upon their participation in an armed robbery at a Brooklyn Costco store.

During the trial, sworn juror number seven came forward and told the court that he bore hostility toward the defendants that impinged upon his ability to deliberate fairly and impartially. The court conducted an initial inquiry in the presence of the defendants, but thereafter, because juror number seven professed to be unwilling to discuss his feelings in the defendants' presence, the court continued the inquiry in the presence of counsel only. The court excused the juror, on consent, and thereafter examined the other jurors to ensure that their impartiality was not affected by anything they might have heard juror number seven say.

Contrary to the appellant's contention, he did not have a right to be present during the court's inquiry into juror number seven's avowed hostility. "An in-camera inquiry by the court into an impaneled juror's continuing fitness to serve is not a 'core segment of trial,' and reversal is mandated only if the [appellant's] absence 'might have had an effect on the opportunity to defend'" (*People v Pennisi,* 217 AD2d 562, quoting *People v Aguilera,* 82 NY2d 23, 34; *see People v Torres,* 80 NY2d 944; *People v Crossland,* 251 AD2d 509, 510). Since juror number seven was excused on consent, we are not persuaded that the defendant's absence had any effect upon his ability to defend.

The appellant's related contention, that the court failed to adequately inquire into the matter of premature juror deliberations, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Johnson,* 264 AD2d 632; *People v Alleyne,* 154 AD2d

473). The issue of premature deliberations was arguably implicated by a single comment made by juror number seven that members of the jury engaged in "venting their feelings" following the testimony of a defense witness. However, the appellant failed to raise this claim of premature deliberations when he moved for a mistrial due to juror number seven's alleged improper influencing of other jurors. The court examined the members of the jury and found that juror number seven's remarks concerning his hostile feelings had been overheard by only one other juror, and she had not been influenced thereby. The appellant thus deprived the court of the opportunity to address the claim of premature deliberations at a time that it could have formulated a meaningful response. His present contention is thus not properly before us. In any event, juror number seven's remark did not establish that the members of the jury engaged in premature deliberations.

The appellant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.