■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA MIDDLETON, Appellant. [795 NYS2d 649]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered January 22, 2003, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion when, on the second day of deliberations, after receiving several notes from the jury including requests to read back certain portions of the trial testimony, it inquired if the jury had agreed upon a verdict as to any of the three counts submitted, and then accepted a partial verdict on two of the counts (*see People v Brown*, 1 AD3d 147 [2003]; *People v Spears*, 276 AD2d 725 [2000]; *People v Mendez*, 221 AD2d 162 [1995]).

The defendant's contention that the court should have conducted an inquiry to determine whether one of the jurors was "grossly unqualified to serve" (CPL 270.35 [1]; *see People v Buford*, 69 NY2d 290, 299 [1987]) is unpreserved for appellate review, as the defendant never requested such an inquiry but instead moved for a mistrial based on unspecified claims that the juror in question could not be fair and impartial (*see People v Pain*, 298 AD2d 604 [2002]; *People v Bunch*, 278 AD2d 501, 502 [2000]). We decline to reach the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c], [6] [a]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.