[843 NE2d 1136, 810 NYS2d 396]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HICKS, Appellant.

Argued November 17, 2005; decided December 20, 2005

**APPEARANCES OF COUNSEL**

*Kuby & Perez LLP,* New York City (*Ronald L. Kuby* of counsel), for appellant.

*Robert T. Johnson, District Attorney,* Bronx (*Jacob Kaplan, Joseph N. Ferdenzi* and *Stanley R. Kaplan* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was charged with rape in the first degree and related crimes stemming from a sexual assault perpetrated against a female victim. During deliberations, the trial judge received a note from the jury foreperson asking to speak to the judge. When questioned in court, the foreperson explained that the jury had a concern that one of its members "should be excused from the jury for the simple fact that she said, on an occasion she was forced—forcibly raped by her boyfriend or [fiancé] at the time." Supreme Court queried the juror who allegedly claimed to have been raped, and in response to the prosecutor's request for more specific inquiry, the court recalled the juror for further questioning. During that colloquy, the following exchange occurred:

"THE COURT: You were not the victim of a rape?

"JUROR TWELVE: Not with him.

"THE COURT: With anybody, were you ever the victim of a rape?

"JUROR TWELVE: No.

"THE COURT: So when I asked you as a juror were you ever the victim of a crime, you answered no, and that is the truth?

"JUROR TWELVE: Right.

"THE COURT: Anything else from anybody?

"[PROSECUTOR]: No, your Honor.

"[DEFENSE]: No."

The trial judge found that the juror was not grossly unqualified to serve and later declined to grant defendant's request for a mistrial. Upon further deliberation, the jury convicted defendant of attempted rape in the first degree and attempted sodomy in the first degree. The court denied defendant's subsequent motion to set aside the verdict and sentenced defendant as a second felony offender to an aggregate term of eight years' imprisonment. The Appellate Division affirmed and a Judge of this Court granted leave to appeal.

■ Supreme Court properly denied defendant's mistrial motion. The juror unequivocally declared that she had never been raped and stated that she could render an impartial verdict. Defendant argued that the juror could not be "accepted at her word" and therefore had provided misleading responses during jury selection that disqualified her for service. The colloquy, however, failed to convince the court that the juror was not truthful and, as such, we cannot say that the court erred in concluding that the juror was not grossly unqualified to serve. To the extent defendant now claims that the juror should have been dismissed for engaging in "substantial misconduct" (*see* CPL 270.35 [1]), this contention is not properly before us since it was not raised at trial.

Furthermore, we cannot address defendant's argument that Supreme Court failed to conduct a probing and tactful inquiry of the juror as required by *People v Buford* (69 NY2d 290 [1987]). Defendant neither informed the court that its questioning was insufficient or objectionable, nor suggested additional avenues of inquiry or requested that other jurors be questioned. In the absence of a protest to the scope or intensity of the court's inquiry, no question of law was preserved for our review (*see* CPL 470.05 [2]; *People v Kelly*, 5 NY3d 116, 120 n 2 [2005]; *People v Torres*, 80 NY2d 944, 945 [1992]).

■ The record also supports Supreme Court's conclusion that the testimony offered in conjunction with defendant's motion to set aside the verdict was "unclear, equivocal and lacking in indicia of certainty." Because the testimony of the parole officer did not give rise to a "probability" of a verdict more favorable to defendant (CPL 330.30 [3]) and merely tended to impeach the victim's trial testimony, it was "not the sort of 'newly discovered evidence' that would entitle a defendant to a new trial" (*People v Jackson*, 78 NY2d 638, 645 [1991]; *see People v Salemi*, 309 NY 208, 216 [1955]).

Defendant's remaining contention lacks merit.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.