■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS GELFAND, Appellant. [818 NYS2d 605]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Morgenstern, J.), rendered February 17, 2005, convicting him of attempted criminal contempt in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The issue of whether the evidence was legally sufficient is not preserved for appellate review as it is raised for the first time on appeal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant violated a condition of an order of protection, issued on behalf of the defendant's

estranged wife, barring him from harassing her. She identified the defendant as the caller who left a voice mail message on her cell phone and threatened to physically harm her. Her testimony was corroborated by her sister.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The contentions raised by the defendant in points IV and V of his brief, that he was deprived of his right to present a defense by the trial court's alleged failure to help him secure the appearance of certain witnesses, and that the trial court allegedly refused to allow him to represent himself, are unpreserved for appellate review. There is no merit to the contention raised by the defendant in point III of his brief, that the trial court erred in denying his application to recall his estranged wife to testify. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.