■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON MORALES, Appellant. [831 NYS2d 77]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered April 20, 2004, convicting him of robbery in the second degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's comments to one of the jurors after the first full day of deliberations were coercive is unpreserved for appellate review because the defendant did not object or request a supplemental instruction (*see People v Ramkisson,* 245 AD2d 393 [1997]; *People v Perdomo,* 204 AD2d 358 [1994]). In any event, the trial court's comments, which merely suggested that the juror, a college student, would be able to attend his first class if the jury reached a verdict during the next day of deliberations, were open-ended and not an attempt to compel the jury to reach a verdict. The record also demonstrates that any alleged coercion did not result in a precipitous jury verdict, as the jury requested a readback of testimony and continued to deliberate following the trial court's statements to this juror (*see People v Perdomo, supra* at 358; *People v Bilello,* 124 AD2d 665, 666 [1986]).

The defendant's claim that the trial court did not conduct an inquiry of this allegedly unqualified juror is unpreserved for appellate review as the defendant never requested such an inquiry (*see* CPL 270.35 [1]; *People v Middleton,* 18 AD3d 670, 671 [2005]; *People v Pain,* 298 AD2d 604 [2002]). In any event, this juror was neither "grossly unqualified" nor unavailable for continued service, where the juror stated during voir dire that he could be fair and impartial despite his concerns regarding his upcoming class schedule. Moreover, there were no other indicia of the juror's inability to be fair and impartial (*see People v Cargill,* 70 NY2d 687, 688 [1987]; *People v Echevarria,* 30 AD3d 537 [2006]). Accordingly, there was no need to conduct an inquiry of the juror in question in accordance with CPL 270.35. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.