THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST SMITH, Appellant. [855 NYS2d 572]—

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Ruiz,* 36 AD3d 722, 723 [2007]; *People v Rambali,* 27 AD3d 582, 583 [2006]; *People v Xavier V,* 10 AD3d 427 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the

complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9) (*see* Penal Law § 120.00 [1]; *People v Butcher,* 8 AD3d 293 [2004]; *People v Baker,* 204 AD2d 340 [1994]), and to sustain his convictions of criminal contempt in the first degree (*see People v Escalona,* 24 AD3d 687 [2005]; *People v Johnson,* 261 AD2d 557 [1999]; *People v Ruiz,* 258 AD2d 675 [1999]; *People v Eichele,* 258 AD2d 592, 593 [1999]) and criminal contempt in the second degree (*see People v Gelfand,* 31 AD3d 664 [2006]; *People v Squires,* 308 AD2d 553, 554 [2003]; *People v McDonald,* 287 AD2d 655, 657 [2001]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Pettengill,* 36 AD3d 1070, 1071 [2007]; *People v Bartello,* 243 AD2d 483, 484 [1997]).

The defendant's argument that the verdict was inconsistent is unpreserved for appellate review because he failed to raise this issue before the discharge of the jury (*see People v Moses,* 36 AD3d 720 [2007]). In any event, the verdict was not inconsistent (*see People v Dominique,* 36 AD3d 624, 625 [2007]).

Contrary to the defendant's contention, there is no exception to the preservation requirement for claims regarding the trial court's failure to conduct an inquiry of an allegedly unqualified alternate juror (*see People v Quinones,* 41 AD3d 868 [2007]; *People v Morales,* 36 AD3d 631, 632 [2007]; *People v Middleton,* 18 AD3d 670 [2005]), or to adequately inquire into the matter of premature juror deliberations (*see People v Paccione,* 295 AD2d 450, 451 [2002]). Since the defendant neither requested that inquiry be made of the alternate juror nor moved for a mistrial on the ground that the court failed to adequately inquire into the matter of premature juror deliberations, the issue of whether the defendant was denied a fair trial on those grounds is not properly before this Court (*see* CPL 470.05 [2]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's request for a missing witness charge as to three police officers was untimely (*see People v Woods,* 275 AD2d 332, 333 [2000]) and, in any event, was properly denied since the uncalled witnesses were not knowledgeable about material facts in the case (*see People v Herrera,* 285 AD2d 613, 614 [2001]; *People v Lee,* 217 AD2d 637, 638-639 [1995]; *People v Cephas,* 207 AD2d 903, 904 [1994]; *People v Baldo,* 107 AD2d 751, 752 [1985]), or their testimony merely would have been

cumulative (*see People v Miller,* 282 AD2d 691 [2001]; *People v Lee,* 217 AD2d at 638-639).

The defendant's trial attorney provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Waisome,* 40 AD3d 892 [2007]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the County Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley,* 75 NY2d 887 [1990]; *People v Gillian,* 28 AD3d 577 [2006]; *People v Chapero,* 23 AD3d 492, 493 [2005]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial (*see People v Pena,* 50 NY2d 400, 411 [1980]; *People v Davis,* 27 AD3d 761, 762 [2006]). Moreover, the sentence imposed was not excessive (*see People v Felix,* 58 NY2d 156 [1983]; *People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.