■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVRAHAM LEVI, Appellant. [869 NYS2d 93]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 10, 2004, convicting him of criminal contempt in the second degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant, who was the defendant's estranged wife, possessed, at different times, two orders of protection against the defendant ordering, inter alia, that he stay away from her and refrain from communicating with her. The complainant

testified at trial that, while the first order of protection was in effect, the defendant approached her and threatened to kill her as she was sitting in her van. She further testified that, while the second order of protection was in effect, the defendant called her home telephone and asked to speak with her. Her testimony was corroborated in part by her daughter. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of two counts of criminal contempt in the second degree beyond a reasonable doubt (*see People v Gelfand,* 31 AD3d 664, 665 [2006]).

Moreover, resolution of issues of credibility is primarily a matter to be determined by the factfinder, who saw and heard the witnesses, and the factfinder's determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d at 644-645). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.