■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WATSON, Appellant. [923 NYS2d 219]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 18, 2009, convicting him of manslaughter in the first degree and criminal

possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Where, as here, a defendant charged with a homicide relies on a defense of justification, evidence of the victim's prior criminal acts of violence, which acts the defendant had knowledge, is admissible provided that the acts were reasonably related to the crime with which the defendant was charged (*see People v Reynoso*, 73 NY2d 816, 818 [1988]; *People v Miller*, 39 NY2d 543, 551 [1976]; *People v Hudyih*, 60 AD3d 1084 [2009]; *People v Washington*, 44 AD3d 973 [2007]; *People v Fore*, 33 AD3d 932, 932-933 [2006]; *People v Santiago*, 211 AD2d 734 [1995]). The Supreme Court providently exercised its discretion in denying admission of evidence of the decedent's prior specific criminal acts of violence, because the defendant lacked the requisite knowledge of these criminal acts (*see People v Reynoso*, 73 NY2d at 819; *People v Washington*, 44 AD3d at 973; *People v Santiago*, 211 AD2d 734 [1995]).

The defendant contends that the Supreme Court should have conducted in camera inquiries of each individual juror to determine his or her ability to continue to serve impartially after an outburst in the courtroom by a family member of the homicide victim to the effect that the defendant was a "murderer" who would "get what was coming to him" (*see* CPL 270.35 [1]; *People v Buford*, 69 NY2d 290, 299 [1987]). However, this contention is unpreserved for appellate review, since, as the defendant concedes, he never requested such inquiries but instead moved for a mistrial (*see* CPL 470.05 [2]; *People v Hicks*, 6 NY3d 737, 739 [2005]; *People v Smith*, 49 AD3d 904, 905 [2008]; *People v Morales*, 36 AD3d 631, 632 [2007]; *People v Warren*, 27 AD3d 496, 498 [2006]; *People v Middleton*, 18 AD3d 670, 671 [2005]). In any event, the Supreme Court ascertained that there was no indication that any of the jurors were at all influenced or affected by the outburst. Defense counsel's representation was not rendered constitutionally ineffective by his failure to specifically request an enhanced level of inquiry by the Supreme Court into each juror's individual ability to continue to serve impartially after the outburst (*see People v Colville*, 79 AD3d 189, 204 [2010]).

Contrary to the defendant's contentions, the Supreme Court did not err in directing that the term of imprisonment imposed for criminal possession of a weapon in the second degree was to run consecutively to the term of imprisonment imposed for manslaughter in the first degree. The record supports the Supreme Court's conclusion that the weapon possession offense

arose from an act separate from the acts underlying the manslaughter offense (see Penal Law § 70.25; *People v Madrid*, 52 AD3d 530, 532 [2008]; *People v Reyes*, 301 AD2d 540 [2003]; *People v Mack*, 242 AD2d 543 [1997]; *People v Lugo*, 236 AD2d 560 [1997]; *People v Simpson*, 209 AD2d 281 [1994]; *cf. People v Joseph*, 269 AD2d 407 [2000]).

The sentence imposed was not excessive (see *People v Suitte*, 90 AD2d 80 [1982]). Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.