[985 NE2d 1227, 963 NYS2d 166]

The People of the State of New York, Respondent, v Carl Watson, Appellant.

Argued January 3, 2013; decided February 7, 2013

■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■

## APPEARANCES OF COUNSEL

*Lynn W.L. Fahey, Appellate Advocates,* New York City (*A. Alexander Donn* and *Katherine A. Levine* of counsel), for appellant.

*Charles J. Hynes, District Attorney,* Brooklyn (*Camille O'Hara Gillespie* and *Leonard Joblove* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant fatally shot Livingston Powell, and was prosecuted for murder. His defense was justification. Defendant testified at trial that he panicked and shot Powell when he saw Powell reach for his waist. There was no evidence that Powell had a weapon at the time.

Under Penal Law § 35.15, defendant's shooting of Powell could have been justified only if defendant reasonably believed

that Powell was "using or about to use deadly physical force" (Penal Law § 35.15 [2] [a]); however, even if defendant did have such a reasonable belief, the justification defense would not be available if defendant was "the initial aggressor" (Penal Law § 35.15 [1] [b]).

Seeking to prove that the initial aggressor was Powell, not defendant, defendant requested issuance of a subpoena to the district attorney's office. Defendant sought disclosure of Powell's "criminal record, and specific acts of violence"; he asked for not only acts known to defendant "but also those unknown." The trial court ruled that evidence of acts not known to defendant would be inadmissible—a ruling clearly correct under our decisions in *Matter of Robert S.* (52 NY2d 1046 [1981]) and *People v Miller* (39 NY2d 543 [1976]). Defendant asks us to reconsider *Robert S.* and *Miller*, and to hold that a defendant claiming justification may offer evidence of an alleged victim's violent acts, even those not known to the defendant, to establish that the alleged victim had a propensity for violence.

This case, we conclude, does not present the issue defendant asks us to consider. There is no way a jury could conclude, on this record, that Powell was the "initial aggressor," no matter how great his propensity for violence, for the simple reason that Powell did not have a gun. Defendant's evidence could show, at most, that defendant reasonably believed Powell to be the initial aggressor. We assume, without deciding, that such a reasonable belief could sustain a justification defense; even on that assumption, evidence of acts that defendant did not know about was irrelevant, because such acts could not have influenced what defendant reasonably believed.

We express no opinion as to whether *Robert S.* and *Miller* should be reconsidered in a case that properly presents that issue.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, in a memorandum.