THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE TERRELL, Appellant. [52 NYS3d 130]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered March 2, 2007, convicting him of robbery in the first degree (two counts) and criminal sexual act in the first degree, upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 18 years, plus 5 years' postrelease supervision, upon each of his convictions of robbery in the first degree, and a determinate term of imprisonment of 20 years, plus 5 years' postrelease supervision, upon his conviction of criminal sexual act in the first degree, to run consecutively to the sentences imposed on the convictions of robbery in the first degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

During jury selection, the defendant raised *Batson* challenges (*see Batson v Kentucky*, 476 US 79 [1986]) to the People's peremptory strikes of three prospective jurors, all of whom were women of color. With respect to the defendant's first *Batson* challenge, the defendant did not object to the prosecution's race-neutral explanation and, therefore, that claim is not preserved for appellate review (*see People v James*, 99 NY2d 264, 272 [2002]; *People v Rubin*, 143 AD3d 846, 846 [2016]). In any event, viewing the totality of all relevant facts and circumstances, the record demonstrates that the prosecution's race-neutral explanations as to all three *Batson* challenges were not pretextual (*see People v Hecker*, 15 NY3d 625, 663-664 [2010]).

Contrary to the defendant's contention, his right to be present at all material stages of the trial was not violated by his absence from an in camera interview with a sworn juror, conducted in the presence of the prosecutor and defense counsel, to determine whether there was possible juror disqualification (*see* CPL 270.35). Although a defendant has a statutory right to be present at all material stages of the trial (*see* CPL 260.20), this right is only a qualified right where the proceedings involved are ancillary (*see People v Velasquez*, 1

NY3d 44, 47 [2003]; *People v Sloan*, 79 NY2d 386, 392 [1992]). A conference to determine whether a sworn juror should be excluded (*see* CPL 270.35) is an ancillary proceeding (*see People v Harris*, 99 NY2d 202, 212 [2002]). As such, the defendant's presence is required only if it could have had "a substantial effect on [his or her] ability to defend against the charges" (*People v Sloan*, 79 NY2d at 392), or "where defendant has something valuable to contribute" (*People v Morales*, 80 NY2d 450, 456 [1992]). Given that the issue of whether a seated juror is grossly unqualified is, generally, a legal determination (*see People v Harris*, 99 NY2d at 212; *People v Morales*, 80 NY2d at 457; *People v Oakes*, 57 AD3d 1425, 1426 [2008]), and, given the circumstances presented here, there is no basis to conclude that the defendant's presence at the in camera interview would have had a substantial effect on the defendant's ability to defend the charges, or that the defendant could have made a valuable contribution. Accordingly, the defendant's right to be present at all material stages of the trial was not violated.

Next, the defendant contends that the County Court erred in failing to conduct an in camera inquiry of each juror to determine his or her ability to continue to serve impartially after jurors were overheard discussing the case during recesses and breaks (*see* CPL 270.25 [1]; *People v Buford*, 69 NY2d 290, 299 [1987]). However, a request for such inquiries was never made at trial and, thus, this contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hicks*, 6 NY3d 737, 739 [2005]; *People v Rivera*, 124 AD3d 917, 918 [2015]; *People v Watson*, 84 AD3d 1126, 1127 [2011], *affd* 20 NY3d 1018 [2013]). In any event, the court properly ascertained that the overheard comments were innocuous and that the comments did not indicate that any of the jurors possessed a state of mind that would prevent the juror from rendering an impartial verdict (*see People v Mejias*, 21 NY3d 73, 79 [2013]; *People v Lantigua*, 86 AD3d 429, 430 [2011], *affd sub nom. People v Mejias*, 21 NY3d 73 [2013]; *People v Morales*, 36 AD3d 631, 632 [2007]; *People v Echevarria*, 30 AD3d 537, 537 [2006]; *People v Matiash*, 197 AD2d 794 [1993]). Accordingly, there was no need to conduct an inquiry of each juror in accordance with CPL 270.35. Defense counsel's representation was not rendered ineffective based on counsel's failure to request such inquiries (*see People v Watson*, 84 AD3d at 1127).

The sentence imposed was excessive to the extent indicated herein (*see People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Kordish*, 140 AD3d 981, 982 [2016]). Leventhal, J.P., Cohen, Maltese and Barros, JJ., concur.