◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PARSLEY, Appellant. [55 NYS3d 267]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered June 26, 2012, convicting him of murder in the second degree (two counts), attempted murder in the second degree, burglary in the first degree, and assault in first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction was not supported by legally sufficient evidence is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court should have conducted in camera inquiries of four jurors who may have overheard a witness's outburst in the courtroom of "Why did you do this?" to determine their ability to continue to serve impartially is unpreserved for appellate review (see CPL 470.05 [2]; People v Hicks, 6 NY3d 737 [2005]; People v Watson, 84 AD3d 1126 [2011], affd 20 NY3d 1018 [2013]). After the outburst, the defendant never requested that such inquiries be made, and instead moved for a mistrial. In any event, there is no indication in the record that the jurors who might have overheard the outburst were incapable of reaching an impartial verdict, and the prompt curative instruction given by the court was sufficient to cure any prejudicial effect that the outburst may have had on the jury (see People v Vann, 182 AD2d 655, 657 [1992]).

The Supreme Court providently exercised its discretion in allowing the People to offer into evidence testimony regarding the length of time it took a police officer to drive from the crime scene to the Robert F. Kennedy Bridge (formerly known as the Triborough Bridge). Demonstrations and tests, when relevant to a contested issue, can "play a positive and helpful role in the ascertainment of the truth" (People v Caballero, 34 AD3d 690, 691 [2006], quoting People v Acevedo, 40 NY2d 701, 704 [1976]). Here, whether the defendant's vehicle could have traveled from the crime scene in time to be recorded by surveillance video at the Robert F. Kennedy Bridge approximately 15 minutes later was a contested issue that warranted the admission of

testimony from a police officer regarding his experience driving the most likely route taken by the defendant's vehicle from the crime scene to the bridge. Any variation in the circumstances under which this demonstration was conducted affected the weight of the evidence, but was not a basis for its exclusion (*see People v Gorham*, 72 AD3d 1108, 1110 [2010]; *People v Mariner*, 147 AD2d 659 [1989]).

The defendant's contention that the Supreme Court erred in curtailing defense counsel's cross-examination of two prosecution witnesses is without merit. The nature and extent of cross-examination is subject to the sound discretion of the trial court and, here, the cross-examination was not improvidently curtailed or restricted (*see People v Stevens*, 45 AD3d 610, 611 [2007]). Further, the court providently exercised its discretion in admitting into evidence the testimony of one of the codefendant's alibi witnesses, elicited during cross-examination, as the testimony was probative of that witness's bias, and outweighed any possible prejudice which may have arisen from its admission (*see People v Carew*, 2 AD3d 742 [2003]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The defendant's contention that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment is unpreserved for appellate review (*see People v Tocci*, 52 AD3d 541, 542 [2008]; *People v Reese*, 31 AD3d 582, 583 [2006]) and, in any event, is without merit, as there are no exceptional circumstances here warranting modification of the challenged sentence, which was within the permissible statutory limit (*see People v Cruz*, 54 AD3d 962, 963 [2008]; *People v Brathwaite*, 263 AD2d 89, 92 [2000]).

The defendant's remaining contentions, including the contention raised in his pro se supplemental brief, are without merit, or do not require reversal. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.