People v Perrella (2020 NY Slip Op 07099)





People v Perrella


2020 NY Slip Op 07099


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-02119
 (Ind. No. 18-00354)

[*1]The People of the State of New York, respondent,
v
Christopher Perrella, appellant.


Clinton W. Calhoun III, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered January 24, 2019, as amended January 25, 2019, convicting him of aggravated vehicular homicide, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Pastor, 28 NY3d 1089, 1090; People v Karadag, 181 AD3d 620, 620) and the exception to the preservation requirement does not apply here, because the plea allocution did not cast significant doubt on the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Palladino, 140 AD3d 1194, 1194). In any event, the defendant's contention is without merit. "Although the defendant was not advised by the County Court of each of the federal constitutional rights he was waiving by pleading guilty, a plea of guilty 'will not be invalidated solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him . . . a list of detailed waivers before accepting the guilty plea'" (People v Jackson, 114 AD3d 807, 807-808, quoting People v Tyrell, 22 NY3d 359, 365 [internal quotation marks omitted]; see People v Harris, 61 NY2d 9, 16). Here, the court's express advisement to the defendant that by pleading guilty he was waiving certain constitutional rights, taken together with the rationality of the plea and the other assurances of voluntariness provided on the record, demonstrate that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Pellegrino, 26 NY3d 1063, 1063-1064; People v Jackson, 114 AD3d at 808).
Contrary to the People's contention, the defendant's purported waiver of his right to appeal is invalid (see People v Thomas, 34 NY3d 545, 565-566). During the oral colloquy, the County Court incorrectly suggested that the waiver was an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d at 566). The written waiver of the right to appeal in this case does not cure the deficiencies of the oral colloquy in that it also intimates that the waiver is an absolute bar to taking an appeal and fails to include any "clarifying language" to indicate that "appellate [*2]review remain[s] available for certain issues" or that "the right to take an appeal [is] retained" (People v Thomas, 34 NY3d at 564; see People v Christopher B., 184 AD3d 657, 659-660). Accordingly, the purported waiver does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court