People v Burbridge (2021 NY Slip Op 03045)





People v Burbridge


2021 NY Slip Op 03045


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-04675
 (Ind. No. 16-00451)

[*1]The People of the State of New York, respondent,
v
Robert Burbridge, appellant.


Kathy Manley, Selkirk, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered April 3, 2017, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 13 years, to be followed by 5 years of postrelease supervision. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 13 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 8 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The County Court mischaracterized the scope of the appeal waiver by stating that the defendant's conviction and sentence would be final, and the written waiver form did not overcome the deficiencies in the court's explanation of the right to appeal, as it also suggested that the waiver is an absolute bar to taking an appeal and did not contain any clarifying language that appellate review remained available for select issues (see People v Thomas, 34 NY3d 545, 565-567; People v Perrella, 188 AD3d 1263, 1264; People v Underwood, 187 AD3d 1221, 1222). The defendant's waiver of his right to seek appellate review of suppression determinations by withdrawing all motions, whether pending or already
decided, was also invalid (see generally People v Balkum, 71 AD3d 1594, 1595). Here, the waiver of suppression issues is included in the written waiver of the right to appeal, and the court's colloquy regarding the defendant's waiver of his right to seek appellate review of suppression determinations by withdrawing all motions failed to cure the deficiencies.
The County Court properly found that the defendant failed to meet his burden to establish that the police detective who prepared the search warrant application made false statements knowingly and intentionally or with reckless disregard for the truth (see Franks v Delaware, 438 US 154, 171; People v Tambe, 71 NY2d 492, 504; People v Nunziata, 10 AD3d 695, 695). Although the informant testified that he did not make certain statements that the detective attributed to him in the warrant application, the court found that his testimony was not credible. Moreover, the court credited the testimony of the detective. "The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Hobson, 111 AD3d 958, 959; see People v Prochilo, 41 NY2d [*2]759, 761). Contrary to the defendant's contention, there is no basis to disturb the court's credibility determinations, which are supported by the record (see People v Kelly, 131 AD3d 484, 485; People v Glenn, 53 AD3d 622, 624). Accordingly, the court properly determined that there was no basis to suppress the physical evidence obtained from the defendant's home pursuant to the search warrant.
Contrary to the defendant's contention, the statement he made to a police detective prior to being given Miranda warnings (see Miranda v Arizona, 384 US 436) was spontaneous and not the result of any police conduct or questioning which reasonably could have been expected to elicit an inculpatory response from him (see People v Gunn, 176 AD3d 862, 863; People v Foster, 153 AD3d 853, 854). The evidence elicited at the suppression hearing established that the defendant was sitting in his bedroom when a detective came into the room with a gun he found in the house, mentioned to the other detective in the room that he had located a gun, and placed the gun on the bed. The defendant then uttered that he had "forgot[ten] all about that," and that he had gotten the gun for protection. The defendant was handcuffed for safety at the time he made the statement, he was in his home, and he was not being questioned. Under these circumstances, the detective's statement to the other detective that he found the gun and the placement of the gun on the bed could not have reasonably been expected to elicit an inculpatory response from the defendant (see People v Bryant, 87 AD2d 873, affd 59 NY2d 786; cf. People v Ferro, 63 NY2d 316). Accordingly, the County Court properly denied suppression of the statement.
Since the defendant failed to comply with the conditions of the plea agreement, the County Court "was no longer bound by the original plea agreement, and had the right to impose a greater sentence" (People v Grant, 122 AD3d 767, 767; see People v Diaz, 146 AD3d 803, 805). However, "we have broad, plenary power to modify an enhanced sentence that is harsh or excessive under the circumstances" (People v Diaz, 146 AD3d at 805; see CPL 470.15[6][b]). The defendant's contention that the enhanced sentence was excessive is not subject to preservation requirements (see People v Williams, 120 AD3d 721, 724). The enhanced sentence imposed was excessive to the extent indicated herein.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court