People v Brown (2021 NY Slip Op 04027)





People v Brown


2021 NY Slip Op 04027


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-12095
 (Ind. No. 17-00885)

[*1]The People of the State of New York, respondent,
v
James R. Brown, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered July 20, 2018, convicting him of criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The County Court mischaracterized the nature of the right to appeal by stating that the defendant's conviction and sentence would be final (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Thomas, 34 NY3d 545, 564-566), and the written waiver form did not overcome the deficiencies in the court's explanation of the right to appeal, as it did not contain clarifying language that appellate review remained available for select issues (see People v Thomas, 34 NY3d at 566). Thus, the purported waiver does not preclude this Court's review of the defendant's challenge to the County Court's suppression determination.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials, because he was not subject to interrogation (see Rhode Island v Innis, 446 US 291, 301-302; People v Lynes, 49 NY2d 286, 294-295).
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court