People v Corley (2021 NY Slip Op 05129)





People v Corley


2021 NY Slip Op 05129


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2018-00522
 (Ind. No. 17-00256)

[*1]The People of the State of New York, respondent,
v
Fabian J. Corley, appellant.


Mary Zugibe Raleigh, Pine Bush, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered November 2, 2017, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264). The County Court mischaracterized the nature of the right to appeal by stating that the defendant's conviction and sentence would be final (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Thomas, 34 NY3d 545, 564-566), and the written waiver form did not overcome the deficiencies in the court's explanation of the right to appeal, as it did not contain clarifying language that appellate review remained available for select issues (see People v Thomas, 34 NY3d at 566; People v Brown, 195 AD3d 943; People v Burbridge, 194 AD3d 831). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court