People v White (2021 NY Slip Op 06201)





People v White


2021 NY Slip Op 06201


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-03968
 (Ind. No. 19-00191)

[*1]The People of the State of New York, respondent,
v
Justin White, appellant. Alex Smith, Middletown, NY, for appellant.


David M. Hoovler, District Attorney, Middletown, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Craig S. Brown, J.), imposed March 5, 2020, upon his plea of guilty, on the ground that the sentence is excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Brown, 195 AD3d 943, 943; People v Burbridge, 194 AD3d 831, 832), or that the appeal waiver still applied after the terms of the negotiated disposition of this case were materially altered (cf. People v Maracle, 19 NY3d 925, 928). Accordingly, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Dixon, 163 AD3d 988, 988).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). Moreover, the defendant's contention that imposing consecutive sentences for this conviction and an unrelated robbery conviction violated the Eighth Amendment prohibition against cruel and unusual punishment is unpreserved for appellate review (see People v Parsley, 150 AD3d 894, 896) and, in any event, without merit. There are no exceptional circumstances here warranting modification of the sentence. The sentence imposed in this case was within the permissible statutory limit (see People v Cruz, 54 AD3d 962, 963), and, since the two convictions arose from separate crimes with different victims, the County Court did not improvidently exercise its discretion in imposing consecutive sentences (see People v Towers, 170 AD2d 628, 628).
RIVERA, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court