People v Garcia (2022 NY Slip Op 01314)





People v Garcia


2022 NY Slip Op 01314


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-00587
 (Ind. No. 19-470)

[*1]The People of the State of New York, respondent,
v
Alfonso Nava Garcia, appellant.


Paul N. Weber, Jr., Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Alexander J. H. Ochoa and Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered December 16, 2019, convicting him of disseminating indecent material to minors in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264). The County Court mischaracterized the nature of the right to appeal by stating that the defendant's conviction and sentence would be final (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Thomas, 34 NY3d 545, 564-566), and the written waiver form did not clarify that appellate review remained available for select issues (see People v Thomas, 34 NY3d at 566; People v Enriquez, 199 AD3d 830; People v Corley, 197 AD3d 1324; People v Brown, 195 AD3d 943). Thus, the purported waiver does not preclude appellate review of the issues raised by the defendant.
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that he received ineffective assistance of counsel during the plea negotiation process and sentencing is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "'mixed claim' of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109 [alterations omitted], quoting People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court