People v Ormsby (2022 NY Slip Op 04567)

People v Ormsby

2022 NY Slip Op 04567

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-04037
 (Ind. No. 258/18)

[*1]The People of the State of New York, respondent,
v
Haniel Ormsby, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J), rendered July 25, 2019, as amended July 26, 2019, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant's contention that his plea of guilty was coerced by the Supreme Court is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise this issue before the court (see People v Clarke, 93 NY2d 904, 905; People v Deleon, 204 AD3d 830; People v Morales, 202 AD3d 997; People v Watts, 192 AD3d 1048). In any event, the contention is without merit. The record as a whole indicates that the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (see People v Brown, 14 NY3d 113, People v Deleon, 204 AD3d 830; People v Morales, 202 AD3d 997).
The defendant's contention that the sentence imposed violated the Eighth Amendment to the United States Constitution and article I, section 5, of the New York Constitution prohibiting cruel and unusual punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730; People v Brewster, 188 AD3d 1246, 1246; People v Rolling, 186 AD3d 1264, 1265; People v Cerasaro, 179 AD3d 832) and, in any event, without merit (see People v Brewster, 188 AD3d at 1246; People v Parsley, 150 AD3d 894, 896). The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court