People v Jenkins (2024 NY Slip Op 06606)

People v Jenkins

2024 NY Slip Op 06606

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-08676
2023-08678
 (Ind. No. 293/19; S.C.I. No. 500/19)

[*1]The People of the State of New York, respondent,
v
Zileel J. Jenkins, appellant. 

David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan and Andrew R. Kass of counsel), for respondent.
Richard L. Herzfeld, New York, NY, for appellant.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the County Court, Orange County (Craig Steven Brown, J.), both imposed September 5, 2023, sentencing him, under Indictment No. 293/19, to a determinate term of imprisonment of six years, to be followed by a period of postrelease supervision of two years, upon his conviction of criminal sale of a controlled substance in the third degree, and, under Superior Court Information No. 500/19, to a determinate term of imprisonment of six years, to be followed by a period of postrelease supervision of two years, upon his conviction of criminal possession of a controlled substance in the third degree, with the term of imprisonment imposed under Superior Court Information No. 500/19 to run consecutively to the term of imprisonment imposed under Indictment No. 293/19, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on the convictions under Indictment No. 293/19 and Superior Court Information No. 500/19 from two consecutive determinate terms of imprisonment of six years, to be followed by a period of postrelease supervision of two years, to two consecutive determinate terms of imprisonment of four years, to be followed by a period of postrelease supervision of two years; as so modified, the sentences are affirmed.
Contrary to the People's contention, the record does not establish that the defendant's waiver of the right to appeal was knowing, voluntary, and intelligent, as the County Court mischaracterized the nature of the right to appeal by stating that the defendant's convictions and sentences would be final (see People v Shanks, 37 NY3d 244, 252; People v Bisono, 36 NY3d 1013, 1017-1018; People v Bradshaw, 18 NY3d 257, 264). In addition, the written waiver form did not clarify that appellate review remained available for select issues (see People v Thomas, 34 NY3d 545, 566; People v Brown, 195 AD3d 943). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim.
The sentences imposed were excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court